IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BARBARA ANN WOOD,** | ] |
| Plaintiff, | ] |
| v. | ] 2:21-cv-00711-ACA |
| **JASON BRAY,** | ] |
| Defendant. | ] |

## MEMORANDUM OPINION

Before the court is Plaintiff Barbara Ann Wood's complaint against Defendant Jason Bray for damages arising from a car accident. (Doc. 1). For the reasons explained below, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even if no party raises the issue," *In re Trusted Net Media Holdings, LLC*, 550 F.3d 1035, 1042 (11th Cir. 2008) (en banc) (quotation marks omitted). The court has subject matter jurisdiction over actions that "arise under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or that satisfy the requirements of diversity jurisdiction,

*id.* § 1332(a). As discussed in previous orders (docs. 3, 6), diversity jurisdiction is the only possible basis for subject matter jurisdiction in this action.

Diversity jurisdiction exists if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). The court has already found that Ms. Wood adequately pleaded the amount in controversy (*see* doc. 3 at 2), although Ms. Wood's statement in her response—that $15,500 worth of the damages she requests is for a non-party's mental distress—casts doubt on that finding (doc. 7 at 1). But in any event, her complaint does not allege complete diversity of citizenship. For purposes of federal diversity jurisdiction, "citizenship" means the State where each party is domiciled. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Domicile, in turn, means where the party resides and has "an intention to remain . . . indefinitely." *Id.*

Ms. Wood identifies herself as a citizen of the United States (doc. 1 at 4; doc. 7 at 1), but that allegation does not help the court in determining her State citizenship. Ms. Wood also gives mailing addresses for herself and for Ms. Bray. (Doc. 1 at 1–2). But an address at which a party receives mail is not enough to establish State citizenship for jurisdictional purposes. *See, e.g.*, *Travaglio*, 735 F.3d at 1269. And even assuming that a mailing address could establish residence in the State, residence is also not enough to establish State citizenship. *Id.*

The court has given Ms. Wood two opportunities to clarify the State citizenship of herself and of Mr. Bray. (Docs. 3, 7). She has not done so. The court therefore has a "constitutional[ ] obligat[ion] to dismiss the action." *Id.* at 1268. Accordingly, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** this July 6, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE